CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 17, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BENJAMIN STEWART LESTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00446 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| INC., *et al.*, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Benjamin Stewart Lester, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Wexford Health Sources, Inc., Crystal Large, Monique Diane Yates, and Margie Coleman. (*See* Compl. [ECF No. 1].) This matter is before the court on Defendants' motion to dismiss (ECF No. 23), Lester's motion to hold Defendants in contempt (ECF No. 29), and Lester's motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 32). For the following reasons, the court will grant both the IFP motion and the motion to dismiss and deny the motion to hold Defendants in contempt. The court will also grant Lester leave to file an amended complaint correcting the deficiencies identified herein.

## I. BACKGROUND

This matter stems from events that allegedly occurred while Lester was held at the Southwest Virginia Regional Jail Authority's Haysi facility ("the jail"). (*See* Compl. at 2.) Wexford is a private contractor that provides health services to inmates at the jail. (*See id.* at 1.) Large, Yates, and Coleman are medical staff at the jail. (*See id.*). In his complaint, Lester alleges as follows:

> I came to jail with a[n] active prescription for Suboxone and was told I didn't have an active prescription which I did and was denied.

(*Id.* at 2.) Lester also attaches to his complaint various sick-call requests and responses that are supposedly relevant to his claims. (*See* ECF No. 1-1.) On December 3, 2025, the court granted Lester leave to proceed IFP and thus to pay the filing fee in installments. (*See* ECF No. 8.)

On February 2, 2026, Defendants filed their motion to dismiss. (ECF No. 23.) Defendants argue that Lester's factual allegations, as outlined in his complaint, fail to state a claim upon which relief can be granted. (*See* ECF No. 24.) In response, Lester filed a document that was docketed on March 9, 2026, and which provides further factual support for his claims against Defendants. (*See* ECF No. 26.) Defendants responded to this filing by arguing (i) that if it could be construed as a response to the motion to dismiss, it was untimely and non-responsive to Defendants' arguments for dismissal, and (ii) the allegations made therein should not be considered by the court in addressing the motion to dismiss. (*See* ECF No. 27.) In making the latter argument, Defendants noted that "parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowners Ass'n Inc. v. OpenBand at Broadlands*, *LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013).

On April 2, 2026, Lester filed a response to the motion to dismiss together with his motion to hold Defendants in contempt. (ECF Nos. 28, 29.)[1] Lester claims that Defendants misconstrued his March 9th filing as providing new evidence in support of his claims. (*See* ECF No. 28 at 3.) Instead, Lester claims that the filing was intended to "clarify [his] original claims with specificity." (ECF No. 28 at 1.) Lester also claims that he drafted the complaint as

[1] Lester's response and his motion to hold Defendants in contempt are identical to one another. (*See* ECF Nos. 28, 29.)

he did to comply with subsection E of the form complaint which asks plaintiffs to "[s]tate briefly the facts" in support of their claims without giving "any legal arguments or cit[ing] any cases or statutes."[2] (*See id.* at 2; *see also* Compl. at 2.)

On May 27, 2026, the court became aware that Lester had been released from incarceration and was no longer subject to the provisions of the Prison Litigation Reform Act that allowed him to pay the filing fee in installments. (*See* ECF No. 31.) The court therefore assessed Lester the $350.00 filing fee and $55.00 administrative fee and directed Lester to either pay the full $405.00 fee or otherwise respond to the court's order within 30 days. (*Id.* at 1.) Lester timely responded to the court's order by filing the IFP motion (ECF No. 32), which remains pending.[3]

## II. STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not

[2] Because the court agrees with Defendants' interpreation of Lester's March 9, 2026 filing, it will deny Lester's motion to hold Defendants in contempt.

[3] Because it appears from the IFP motion that Lester lacks sufficient funds to pay the full filing fee and administrative fee (*see* ECF No. 32), the court will grant the motion.

do." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). At bottom, the court "must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## III. ANALYSIS

Lester is pursuing his claims against Defendants under 42 U.S.C. § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his rights under the Constitution or laws of the United States. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

As noted, Lester in his complaint states as follows:

> I came to jail with a[n] active prescription for Suboxone and was told I didn't have an active prescription which I did and was denied.

(Compl. at 2.) As Defendants note, Lester fails to identify which Defendant engaged in which allegedly wrongful acts and, aside from a general listing of Defendants on a form complaint,

fails to mention them in his pleading.[4] (*See* ECF No. 24 at 3–4, 6.) He has therefore failed to state a claim upon which relief can be granted. *See Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual defendant. Blanket conclusory allegations as to multiple defendants are insufficient. A plaintiff cannot rely on bare allegations relating to the conduct of all defendants to hold a defendant liable, but must identify specific acts or conduct taken by each defendant to state a claim." (cleaned up)). Accordingly, the court will grant the motion to dismiss and dismiss Lester's complaint.[5]

But under the circumstances, the court will not dismiss the entire action at this juncture. As noted, in his March 9, 2026 filing, Lester presented more specific factual allegations in support of his claims against Defendants. (*See* ECF No. 27.) And based on his response, Lester appears to have been confused by the form complaint as to how much information was needed to state a claim. (*See* ECF No. 28.) As the Fourth Circuit has noted, the pleadings of *pro se* litigants "represent the work of an untutored hand requiting special judicial solicitude" and that those "with meritorious claims should not be tripped up in court on technical niceties." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985). But the Fourth Circuit has also instructed district courts not to "overlook[] the pleading requirements under the Federal

---

[4]As noted, Lester attaches to his complaint various sick-call requests and responses that are supposedly relevant to his claims. (*See* ECF No. 1-1.) But upon review, these attachments do not clarify his claims against the named Defendants. (*See id.*)

[5] Defendants make other arguments for the dismissal of Lester's complaint. (*See* ECF No. 24). But because the court will dismiss the complaint for failing to plead personal action on the part of each Defendant, the court need not—and will not—address Defendants' other arguments for dismissal.

Rules of Civil Procedure" simply because the plaintiff is *pro se*. *Bing v. Brivo Sys.*, *LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Because of its lack of specificity, Lester's complaint is not sufficient to establish a plausible claim of entitlement to relief. But based upon the entirety of Lester's submissions to date, while the court has concluded that he *has not* stated a claim, it has not concluded that he *could not* assert a claim. But the court cannot draft a complaint for Lester or combine his filings to create a viable claim.

For these reasons, the court will permit Lester **one final opportunity** to plead his claims with sufficient factual support. Lester will have **thirty (30) days** to file an amended complaint identifying his causes of action and briefly stating the facts giving rise to each claim. Lester is advised that any amended complaint will be the **sole document** the court will consider when determining if he has successfully alleged a plausible claim of entitlement to relief. If Lester does not timely submit an amended complaint, the court will dismiss this action without prejudice based on the previously filed motion to dismiss.

## IV. CONCLUSION

For the reasons stated above, the court will grant both the IFP motion and the motion to dismiss and deny the motion to hold Defendants in contempt. The court will also grant Lester leave to file an amended complaint correcting the deficiencies identified herein.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 17th day of August, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE